IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Lee, Jr., | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:18-1921-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Perry Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Robert Lee, Jr. ("Lee") is a state prisoner, proceeding pro se, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Austin recommends granting Respondent's motion for summary judgment and denying Lee's petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Lee is currently incarcerated at Perry Correctional Institution in the South Carolina Department of Corrections. In October 2010, Lee was indicted in South Carolina state court for murder. (Ret. & Mem. Attach. 1 (App'x 795-96), ECF No. 15-2.) After a jury trial, Lee was

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

found guilty of murder on December 1, 2011. (Id. Attach. 1 (App'x 591-93), ECF No. 15-2.) Lee was sentenced to life imprisonment without the possibility of parole. (Id. Attach. 1 (App'x 595), ECF No. 15-2.)

>Lee appealed his conviction and raised the following ground for relief:
>
>The trial judge erred in denying appellant's request for a self-defense charge at trial because appellant's case was similar to State v. Light, 378 S.C. 641, 664 S.E.2d 465 (2008), and other cases where imminent danger existed and there was no other means of avoiding said danger other than to act in self defense.

(Id. Attach. 1 (App'x 600), ECF No. 15-2.) The South Carolina Court of Appeals affirmed Lee's conviction in an unpublished opinion filed on April 16, 2014. (Id. Attach. 1 (App'x 646-47), ECF No. 15-2.)

On June 13, 2014, Lee filed an application for post-conviction relief ("PCR"), raising due process and ineffective assistance of trial counsel claims. (Ret. & Mem. Attach. 1 (App'x 650-55), ECF No. 15-2.) An evidentiary hearing was held on January 11, 2016. (Id. Attach. 1 (App'x 662-766), ECF No. 15-2.) On July 18, 2016, the PCR court denied Lee's application. (Id. Attach. 1 (App'x 777-93), ECF No. 15-2.) On October 25, 2017, Lee filed a Johnson[2] petition for writ of certiorari in the South Carolina Supreme Court, raising one ground for relief: "Whether the PCR court erred in finding that trial counsel rendered constitutionally effective assistance of counsel where he failed to object to the solicitor's improper comments during closing argument?" (Id. Attach. 2 (Johnson Pet. 1), ECF No. 15-3.) Lee also filed a supplemental brief. (Id. Attach. 3 (Supp. Br.), ECF No. 15-4.) On June 14, 2018, the South Carolina Supreme Court denied Lee's petition. (Ret. & Mem. Attach. 4 (June 14, 2018 Order),

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

ECF No. 15-5.) Remittitur was issued on July 2, 2018. (Id. Attach. 5 (Remittitur), ECF No. 15-6.)

Lee filed the instant § 2254 petition on July 10, 2018,[3] alleging four grounds for relief:

**Ground One**: Petitioner was denied a fair trial when the trial court denied Petitioner's request to instruct the jury on self-defense.

**Ground Two**: THE STATE COURT UNREASONABLY APPLIED STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)[,] to PETITIONER'S CASE[.]

**Ground Three**: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT WHEN THE TRIAL COURT FAILED TO INSTRUCT THE JURY ON "CRIMINAL INTENT" THE ESSENTIAL ELEMENT OF MURDER.

**Ground Four**: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT WHEN THE COURT FAILED TO INSTRUCT THE JURY THAT "THE FACT PETITIONER DID NOT TESTIFY" COULD NOT BE USED AGAINST HIM, i.e., RIGHT TO REMAIN SILENT.

(§ 2254 Pet., generally, ECF No. 1.) On September 21, 2018, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 16.) Lee filed his response in opposition on October 22, 2018.[4] (Resp. Opp'n Mot. Summ. J., ECF No. 19.) On October 20, 2018, Respondent filed a reply. (Reply, ECF No. 21.)

On January 8, 2019, Magistrate Judge Austin issued a Report and Recommendation recommending that the court grant Respondent's motion for summary judgment and deny Lee's petition because (1) ground one is a state law issue that is not reviewable under § 2254, (2) ground two does not present an unreasonable application of federal law, and (3) grounds

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Id.

3

three and four are procedurally defaulted and Lee has not shown cause or prejudice to excuse the default. (R&R, generally, ECF No. 23.) After receiving an extension, Lee filed objections to the Report on February 6, 2019. (Objs., generally, ECF No. 28.) Respondent filed a reply to Lee's objections on February 19, 2019. (Reply to Objs., ECF No. 30.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

4

there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only

incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, the petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, the petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

### D. Objections

Lee filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Lee's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate

his claims. However, the court was able to glean two specific objections. Lee objects that the magistrate judge erred in concluding (1) that the PCR court's application of Strickland was not unreasonable, and (2) that grounds three and four were insubstantial claims for relief that did not constitute cause to excuse the procedural default. (Objs., ECF No. 28.) Further, Lee generally asserts that the Report and Recommendation is objectively unreasonable and does not properly address his claims. (Id. 11, ECF No. 28.)

### 1. PCR Court's Application of Strickland v. Washington

Lee objects that the magistrate judge erred in concluding that the PCR court's determination that trial counsel was not ineffective for failing to object to the solicitor's closing argument was not an unreasonable application of Strickland. (Id. 4-9, ECF No. 28.)

When reviewing a state court's application of Strickland, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." Harrington v, Richter, 562 U.S. 86, 101 (2011). Further, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). In other words, an incorrect application of Strickland is not necessarily an unreasonable application of Strickland that merits habeas relief under § 2254. Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

During Lee's trial, certain photographs of the victim, Rebecca Rosa, were excluded from evidence because they depicted the victim's wounds after her body was recovered. During closing argument, the solicitor stated:

> I couldn't show you a picture of the wounds to Ms. Rosa because it's not allowed by the evidence. I have to show you a mere diagram that [the forensic pathologist] prepared.
>
> [Defense counsel] talks about malice aforethought. Picture in your mind a two-and-a-half inch wound to the gut with a twist. It wasn't straight in and out as if someone ran into the knife, which is completely unbelievable. It's a stab with a twist. Malice aforethought. Two wounds to the back. One deep enough to strike a rib. Those are pictures of malice aforethought, ladies and gentlemen.
>
> \*\*\*
>
> I wish you could have seen the picture of the body of Ms. Rosa as she was pulled out of the dirt, her intestines bloating out of her body.

(Ret. & Mem. Attach. 1 (App'x 547-49), ECF No. 15-2.) Lee's attorney did not object to these statements. Based upon the record, the PCR court found:

> Both of the solicitor's comments were supported by the evidence introduced at trial. The forensic pathologist had already testified about the extent of the victim's injuries, including the bloating of her intestines, and the fact that the stab was consistent with either her body twisting or the assailant twisting the knife. The solicitor's comments did nothing more than comment on the inferences to be drawn from the evidence adduced at trial. Accordingly, this Court finds Applicant has failed to show Counsel[] was deficient for not objecting to the solicitor's closing argument.
>
> Likewise, the Applicant has failed to show that there is a reasonable probability that but for the alleged deficiency, the outcome of the trial would have been different. See Harris v. State, 377 S.C. 66, 79, 659 S.E.2d 140, 147 (2008) (applicant cannot prove prejudice where there is overwhelming evidence of guilt). Even though the solicitor mentioned that a photograph had been excluded from evidence, the jury had already heard medical testimony about the injuries and about the appearance of those injuries. The solicitor's comments contained no description that had not already been presented to the jury through testimony at trial. Furthermore, the trial judge instructed the jury that closing statements are not evidence.

8

(Id. Attach. 1 (App'x 791-92), ECF No. 15-2.)

Lee submits that the PCR court's determination was an unreasonable application of Strickland because the solicitor's statements were unduly prejudicial and improperly influenced the jury. (Objs. 3-4, ECF No. 28.) Further, Lee argues that the solicitor's statements were not supported by evidence presented at trial and that his attorney should have objected to the statements. (Id. 8-9, ECF No. 28.)

Upon review, the PCR court's application of Strickland was not unreasonable. During trial, the jury heard testimony from the forensic pathologist who stated that the first stab wound was consistent with either the victim twisting or the knife being twisted, and that the victim's intestines were protruding from her body when it was recovered from where it had been buried. (Ret. & Mem. Attach. 1 (App'x 498-515), ECF No. 15-2.) The solicitor's closing statements were consistent with the forensic pathologist's testimony and did not introduce new evidence that the jury had not already heard. See Simmons v. State, 503 S.E.2d 164, 166 (S.C. 1998) (noting that a solicitor's closing argument "should stay within the record and reasonable inferences to it"). Further, the trial court instructed the jury that statements made by the attorneys were not to be considered as evidence. (Ret. & Mem. Attach. 1 (App'x 85-86), ECF No. 15-1.) Although Lee's trial counsel stated during the PCR proceedings that, in retrospect, he probably should have objected to the solicitor's statements, such an admission did not necessitate a finding of ineffective assistance of counsel. (Id. Attach. 1 (App'x 755-56), ECF No. 15-2.)

Moreover, to demonstrate that counsel's failure to object to the solicitor's statements prejudiced the outcome of the trial, Lee had to demonstrate to the PCR court that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, absent the solicitor's closing arguments, the evidence of Lee's guilt was overwhelming. Evidence presented at trial demonstrated that during the investigation, Lee admitted to stabbing the victim, mopping up the victim's blood from the crime scene, concealing the victim's body, and ultimately burying the victim's body in a wooded area near his home. (Reply to Objs. 12-13, ECF No. 30.) Accordingly, considering the evidence presented at trial, it was reasonable for the PCR court to conclude that Lee's attorney's performance did not fall below an objective standard of reasonableness or prejudice the outcome of the trial. Thus, this objection is without merit.

## 2. Procedurally Defaulted Grounds

Lee further objects to the magistrate judge's conclusion that grounds three and four fail to present substantial claims for relief under Martinez v. Ryan, 566 U.S. 1 (2012), in order to excuse the procedural default for both grounds. (Objs. 12-13, ECF No. 28.) Lee asserts that, although grounds three and four are procedurally defaulted, the default should be excused because his PCR counsel was ineffective and caused the default. (§ 2254 Pet. 9-11, ECF No. 1.)

Under Martinez, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," when the prisoner's first opportunity to raise a claim of ineffective assistance of trial counsel is during the state's collateral review proceedings. 566 U.S. at 9, 17. However,

if the ineffective assistance of counsel claim is insubstantial and without merit, there is no cause to excuse the default. Id. at 15-16.

In ground three, Lee asserts that he received ineffective assistance of counsel when defense counsel did not object to the trial court failing to instruct the jury on "criminal intent" as an element of murder. (§ 2254 Pet. 8, ECF No. 1.) However, in South Carolina, the intent required for murder is "malice aforethought." S.C. Code Ann. § 16-3-10 ("'Murder' is the killing of any person with malice aforethought, either express or implied."). The trial court extensively instructed the jury on "malice aforethought" as an essential element to murder. (Ret. & Mem. Attach. 1 (App'x 570-73), ECF No. 15-2.) Lee appears to assert that "criminal intent" and "malice aforethought" are two separate elements of murder. (Objs. 13-14, ECF No. 28.) However, "malice aforethought" is the kind of intent required to prove murder in South Carolina and is not a separate element from criminal intent. Thus, the trial court plainly instructed the jury about the intent required for murder.

Similarly, in ground four, Lee submits that the trial court did not instruct the jury that the fact that Lee did not testify could not be used against him. (§ 2254 Pet. 10, ECF No. 1.) However, the trial judge instructed the jury,

> Now, ladies and gentlemen, I instruct you further, and I emphasize to you, that the fact that a defendant does not testify during the course of a criminal trial is not a circumstance that might be considered by you 12 jurors during your deliberations or in your determination as to whether or not his guilt has been proven beyond a reasonable doubt because, as I've stated, the burden is never upon a person accused of a crime to prove that they are innocent because in many cases that might not be possible.
>
> The burden is always on the state to establish the defendant's guilt beyond a reasonable doubt. And therefore you are not to reach any conclusion nor draw any inference from the fact that the defendant does not testify during the trial of

the case, nor may you allow that to influence your decision whatsoever in you[r] determination as to whether or not his guilt has been proven beyond a reasonable doubt, nor may you even discuss that fact while you are in your jury room and engaged in your deliberations.

(Ret. & Mem. Attach. 1 (App'x 576-77), ECF No. 15-2.) Lee submits that his attorney should have objected to this instruction because the trial court did not specifically use the phrase, "right to remain silent." (Objs. 15-16, ECF No. 28.) However, the trial court's instructions to the jury adequately described Lee's Fifth Amendment right not to testify. United States v. Cropp, 127 F.3d 354, 360 (4th Cir. 1997) ("[W]e do not evaluate a judge's instructions in isolated segments, but we look at the instructions given as a whole."); State v. Zeigler, 610 S.E.2d 859, 865 (S.C. Ct. App. 2005) ("The substance of the law is what must be charged to the jury, not any particular verbiage."). Moreover, Lee provides no authority to support the proposition that the trial court is required to use the exact wording "right to remain silent" in its jury instructions.

Accordingly, grounds three and four fail to present substantial claims for relief under Martinez because defense counsel had no basis to object to either set of jury instructions. Thus, this objection is without merit.

### 3. Cumulative Objection

Finally, Lee objects that "[t]he Magistrate's factual findings and legal conclusions are objectively unreasonable and do not properly address the factual predicate of the claims argued by Petitioner and in support of his allegations." (Objs. 11, ECF No. 28.) However, this general objection is insufficient to identify an error in the Report. Upon review of the Report and Recommendation, this objection is not supported by the record and is without merit.

### III. Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein. Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Lee's § 2254 petition with prejudice.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 16, is granted and Lee's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Lee has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 25, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.